United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ronald Satish Emrit, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-61811-Civ-Scola |
| | ) | |
| Henderson Behavioral Health, | ) | |
| Defendant. | ) | |

## Order Dismissing Amended Complaint

This matter is before the Court upon an independent review of the record. Plaintiff Ronald Satish Emrit is proceeding *in forma pauperis*. (*See* Order Granting Application to Proceed *In Forma Pauperis*, ECF No. 7.) Under 28 U.S.C. § 1915(e)(2), a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on factual allegations which are "clearly baseless," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Emrit is a pro se litigant. As such, his complaint is held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). When determining whether to dismiss, the allegations of a complaint and attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

The Court has carefully reviewed the Amended Complaint to determine whether Emrit has stated any plausible or non-frivolous claims. The Amended Complaint states that Emrit seeks damages for negligence and intentional infliction of emotional distress ("IIED"). (Am. Compl. at 4.) Under Florida law, a

claim for negligence consists of four elements: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So.3d 783, 788 (Fla. 2d. Dist. Ct. App. 2010). Emrit alleges that in May of 2017, he stayed at Defendant Henderson Behavioral Health because he was having suicidal ideations. (Am. Compl. ¶ 14.) He alleges that Henderson Behavioral Health "had a responsibility to get me Florida food stamps . . . despite the six-month residency requirement (for Florida citizenship)." (*Id.* ¶ 19.) However, the Amended Complaint alleges that Emrit is not a resident of Florida and does not allege that there is any exception to the residency requirement. Moreover, Florida's Department of Children and Family Services ("DCF") is responsible for administering the food stamp program and is not permitted to alter the eligibility requirements since the food stamp program is a matter of federal, not state law. *See Pena v. Fla. Dep't of Children and Family Serv.'s*, 865 So.2d 516, 517 (Fla. 3d Dist. Ct. App. 2003). Therefore, the Court dismisses Emrit's claim that Henderson Behavioral Health was negligent in failing to obtain food stamps for him because Emrit admits that he did not meet the residency requirement, and Henderson Behavioral Health is neither responsible for administering the food stamp program nor does it have authority to change the eligibility requirements of the program.

Emrit also alleges that "the social worker" had a duty to obtain Section 8 Housing Vouchers for him. (Am. Compl. ¶ 20.) It is unclear whether the social worker was an employee of Henderson Behavioral Health. However, since Henderson Behavioral Health is the only named defendant, the Court will proceed on the assumption that the social worker was an employee. Emrit sets forth no legal basis for the existence of a duty on the part of Henderson Behavioral Health to obtain a housing voucher for him. Henderson Behavioral Health does not administer the Section 8 Housing Choice Voucher Program. *See McCall v. Montgomery Housing Authority*, 809 F.Supp.2d 1314, 1317-18 (M.D. Ala. 2011) (noting that the Section 8 housing program is a federal program administered on the local level by public housing authorities). Moreover, in order to obtain a housing voucher, Emrit, not Henderson Behavioral Health, would have had to submit an application to the local public housing authority. *Id.* at 1318 ("[t]he Section 8 program allows eligible families to apply to the local public housing authority for assistance"). Thus, there is no legal basis for the alleged duty of Henderson Behavioral Health to obtain a housing voucher for Emrit.

To state a claim for IIED under Florida law, a plaintiff must show: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3)

that the conduct caused emotional distress; and (4) that the distress was severe. *Nettles v. City of Leesburg Police Dep't*, 415 Fed. App'x. 116, 122 (11th Cir. 2010) (quoting *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990)). The conduct alleged by Emrit falls far short of the level of outrageousness required by Florida law. *See, e.g., Rubio v. Lopez*, 445 Fed. App'x. at 175 (finding failure to allege sufficient outrageous conduct where deputy sheriff hobble-tied arrestee on black asphalt pavement in sun, resulting in second-degree burns to face and chest).

Therefore, even under the relaxed pleading standard afforded to pro se litigants, Emrit has not asserted any viable claims. Based on the fundamental and fatal deficiencies identified above, the Court concludes that the Amended Complaint cannot be cured by amendment. *See Spear v. Nix*, 215 F. App'x 896, 901–02 (11th Cir. 2007) (finding complaint dismissed with prejudice proper where "amendment would have been futile"). The Amended Complaint is therefore **dismissed with prejudice**. The Clerk is directed to **close** this case and any pending motions are **denied** as moot.

**Done and ordered**, at Miami, Florida, on October 24, 2017.

Robert N. Scola, Jr.
United States District Judge

cc:
Ronald Satish Emrit
5108 Cornelias Prospect Dr.
Bowie, MD  20720